Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11    02/20

**Palms Medical Transport, LLC 's Plan of Reorganization**

**Background for Cases Filed Under Subchapter V**

### A. Description and History of the Debtor's Business

The Debtor is a corporation. Since 209, the Debtor has been in the business of ambulance services.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit A.

### C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit B.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $0.00.

The final Plan payment is expected to be paid on December 31, 2052.

Debtor believes net profits shown in Exhibit B will increase over time and enable Debtor to make all payments under the plan.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **Palms Medical Transport, LLC** (the *Debtor*) from cash flow from operations.

This Plan provides for:

- **1** class of priority claims;
- **5** classes of secured claims;
- **1** class of non-priority unsecured claims; and
- **1** class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 5 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)). |
| 2.02 | **Class 2a** | The claim of Synovus Bank as agent for SBA, to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2b** | The claim of GM Financial, to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2c** | The claim of Persons Banking Co., to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2d** | The claim of Itria Ventures, to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 2e** | The claim of AmeriCredit, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | **Class 3** | All non-priority unsecured claims allowed under § 502 of the Code. |

| 2.04 | **Class 4** | Equity interests of the Debtor. |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |

| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |

| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code. |

| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |

| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☑ Impaired<br>☐ Unimpaired | Claims will be paid within 60 months of the petition date with interest at 4% per annum. Payments to commence 180 days following the Effective Date. |
| Class 2a – **Secured claim of Synovus as agent for SBA** | ☑ Impaired<br>☐ Unimpaired | Paid in full in 360 months, amortized interest at 6%. Payments to commence on the first day of the month following the Effective Date. |
| Class 2b – **Secured claim of GM Financial** | ☑ Impaired<br>☐ Unimpaired | Paid in full in 60 months, amortized interest at 6%. Payments to commence on the first day of the month following the Effective Date. |
| Class 2c – **Secured claim of Persons Banking Co.** | ☑ Impaired<br>☐ Unimpaired | Paid in full in 360 months, amortized interest at 6%. Payments to commence on the first day of the month following the Effective Date. |
| Class 2d – **Secured claim of Itria Ventures** | ☑ Impaired<br>☐ Unimpaired | This claim shall be voided and treated as a general unsecured claim under Class 3. In the event of an objection by the Class 2d claimant, the Court shall determine the value of the allowed secured claim and it shall be paid in 180 amortized installment with interest calculated at 6%per annum. |
| Class 2e – **Secured claim of AmeriCredit** | ☑ Impaired<br>☐ Unimpaired | This claim shall be voided and treated as a general unsecured claim under Class 3. In the event of an objection by the Class 2d claimant, the Court shall determine the value of the allowed secured claim and it shall be paid in 180 amortized installment with interest calculated at 6%per annum. |
| **Class 3 – Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | Unsecured creditors to receive 5% of allowed claims over 120 months commencing 180 days from the Effective Date. |
| Class 4 - **Equity security holders of the Debtor** | ☐ Impaired<br>☑ Unimpaired | Class 4 interests will be retained. |

| Debtor | **Palms Medical Transport, LLC** | Case number (*if known*) **22-51074** |
|---|---|---|
| | Name | |

## Article 5: Allowance and Disallowance of Claims

**5.01** **Disputed Claim**

A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02** **Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**5.03** **Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.01** **Assumed executory contracts and unexpired leases**

(a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: 1) Integrated Vehicle Leasing, and 2) AFCO Premium Finance Agreement.

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **60** days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

Maurice Grayson will remain as managing member and will implement this plan.

## Article 8: General Provision

**8.01** **Definitions and rules of construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

None.

**8.02** **Effective Date**

The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

**8.03** **Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04** **Binding Effect:**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05** **Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.06** **Controlling Effect**

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Georgia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**8.07** **Corporate Governance**

Maurice Grayson shall remain as managing member of Debtor.

**8.08** **Retention of Jurisdiction**

The Court will retain jurisdiction over interpretation of this plan.

Debtor **Palms Medical Transport, LLC**  
Name

Case number (*if known*) **22-51074**

**Article 9: Discharge**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

    (i) imposed by this Plan; or

    (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

    (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

    (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**Article 10: Other Provisions**

[Insert other provisions, as applicable.]

**1. Debtor and trustee retain claim objections and all bankruptcy avoidance actions, including 11 U.S.C. § 547, 548, 549, and 550.**

Respectfully submitted,

**X** /s/Wesley J. Boyer  
[Signature of the Attorney for the Plan Proponent]

**Wesley J. Boyer**  
[Printed name]

Exhibit "A"

PALMS MEDICAL TRANSPORT, LLC
**LIQUIDATION ANALYSIS**

| ASSET | VALUE | LIENS | EQUITY |
|---|---|---|---|
| Bank account | 43,117.00 | 0 | 43,117.00 |
| Accounts receivable | 250.00 | 0 | 250.00 |
| Inventory | 8,000.00 | 0 | 41,000.00 |
| Leased vehicles | 600,000.00 | 559,000 | 0.00 |
| Chevy Equinox | 20,000.00 | 21,412 | 0.00 |
| 102 Church Street, Byron | 425,000.00 | 580,000 | 0.00 |
| 601 W. Hill Avenue | 140,000.00 | 129,207 | 11,000.00 |
| Machinery and equipment | 200,000.00 | 0 | 200,000.00 |
| | 1,436,367.00 | 1,289,619 | 295,367.00 |

SECURED AND PRIORITY CLAIMS

|  |  |
|---|---|
|  | 89,547.74 |
|  | 414,146.44 |
|  | 37,713.12 |
|  | 541,407.30 |

Administrative, secured, and priority claims will be entitled to received any available assets prior to general unsecured creditors without priority, the general unsecured creditors without priority would receive nothing in liquidation under Chapter 7.

# PALMS MEDICAL TRANSPORT, LLC
## Monthly Budget for Jan 2023

**Revenue**

| | |
|---|---:|
| Income - Insurance | 153,278.00 |
| Income - Medicare | 78,695.90 |
| Income - IRS Levy (Medicare) | 0.00 |
| Income - Private pay/Contract | 8,000.00 |
| Income - miscellaneous | 703.70 |
| Total Revenue: | 240,677.60 |

**Expenses**

| | |
|---|---:|
| Interest paid | 991.21 |
| Insurance | 21,000.00 |
| Telephone expense | 3,793.89 |
| Utilities | 1,964.21 |
| Uniforms | 0.00 |
| Rent - Valdosta | 872.00 |
| Linen service | 1,103.58 |
| Repairs/maintenance | 6,250.00 |
| Tires | 1,948.58 |
| Office supplies | 950.00 |
| Dues/subscriptions | 13.59 |
| Advertising | 300.00 |
| Donations | 0.00 |
| Billing expense - Cotex EDI | 2,036.61 |
| Taxes/licenses | 1,975.13 |
| Supplies | 8,015.53 |
| Referral fees | 0.00 |
| EMT testing/drug testing | 545.00 |
| Accounts/professional services | 2,812.10 |
| Billing services | 3,300.76 |
| Bank charges | 109.00 |
| Direct deposit charges | 253.94 |
| Educational expense | 75.00 |
| Salaries | 124,120.50 |
| Payroll tax expense | 11,643.07 |
| Employee disability/health ins | 2,661.49 |
| Casual labor | 1,245.56 |
| Employee/customer expense | 545.15 |
| Vehicle expense | 17,656.08 |
| Vehicles/equipment lease | 16,657.31 |
| Travel (meals, etc.) | 190.00 |
| Travel (motels/planes) | 0.00 |
| Total Expenses | 233,029.29 |
| | |
| **Net Income (Loss)** | **7,648.31** |

1